

ORDERED in the Southern District of Florida on August 8, 2023.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:                                                        Case No. 23-13127-PDR

Julian Philip Thompson

                                                                               Chapter 7

        Debtor(s).
_____/

## ORDER CONTINUING HEARING ON REAFFIRMATION AGREEMENT

THIS MATTER came before the Court for hearing on July 27, 2023 at 11:00 a.m. upon the Reaffirmation Agreement filed by Debtor seeking to reaffirm a debt to Preferred Credit Inc. (Doc. 26). With no parties having appeared at the hearing on July 27, 2023 the Court hereby **ORDERS**:

The hearing is continued to **August 24, 2023**, during the motion calendar and will begin at **11:00 a.m.** via Video Conference by Zoom for Government.

To participate in the hearing, you must register in advance no later than 3:00p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJItcOqurD4qHUbwAimENeAkZ7QUKGhcZ7k

**If the Debtor fails to appear at the hearing the Reaffirmation Agreement will be Denied for Lack of Prosecution.**

Enclosed for the Debtor's convenience is "A Guide for Florida Debtors" prepared by the Florida Bar, providing useful information.

###

Copies To:
All parties in interest.



# REAFFIRMATION AGREEMENTS:
## A GUIDE FOR FLORIDA DEBTORS

## PUBLISHED BY THE FLORIDA BAR
### BUSINESS LAW SECTION–January 2001

*******************************************

## INTRODUCTION

The primary purpose in filing for Chapter 7 bankruptcy relief is for a person known in bankruptcy as "the Debtor" to get a discharge [] that is, to get rid of old debts or financial obligations. Sometimes one of your creditors may ask you at your Creditors' Meeting, on the phone or by mail to sign a Reaffirmation Agreement in order to keep a car, a computer, or furniture or appliances that you financed. A Reaffirmation Agreement is your new contract or legal promise to keep a specific debt even though your other obligations will be gone. If any of your creditors ask you to sign a Reaffirmation Agreement, you have an important decision to make and should be cautious. You may want to consider the points made in this information sheet.

This paper has been published by the Business Law Section of The Florida Bar to help you make a more informed choice before agreeing to remain responsible for debts that could be wiped out in bankruptcy. This pamphlet may not address all of your questions regarding Reaffirmation Agreements. You have the right to hire a lawyer if you can afford it or, if not and you qualify, you may be able to obtain free legal advice through your local legal aid office.

## CHOICES

In Florida, you have three choices in dealing with collateral or property that has been financed such as an automobile loan:

1. Return the property and get rid of the debt;
2. Keep the property and keep the debt by signing a Reaffirmation Agreement so you will have to continue to make payments like you did before bankruptcy; or
3. Keep the property by redeeming or paying the whole value of the property in cash. (This last option is very rarely used by Debtors).

## ASK FOR DOCUMENTS AND INFORMATION

Before reaffirming any debt, you should ask your creditor to give you:

1. Copies of documents that prove the creditor has a right to repossess, "repo" or take away your property (such as a security agreement, installment contract and UCC-1 Financing Statement or Certificate of Title);
2. How much you have to pay to keep the property under a Reaffirmation Agreement and the terms under which the debt will be repaid such as weekly, monthly or quarterly payments; and
3. A statement of the *redemption value* of the collateral which is the amount you have to pay in cash at one time to pay off the loan and keep the property.

## REASONS NOT TO REAFFIRM

You generally SHOULD NOT reaffirm debts under the following situations:

- The debt is totally unsecured by any property.
- The creditor cannot provide the necessary paperwork to establish that the debt is secured.
- You really don't want to keep the property and are willing to give it back to the creditor.
- You are way behind in payments and there is a high probability that the property will be repossessed anyway at a later date.
- The creditor is threatening to file a lawsuit in the bankruptcy court for collection of the debt unless you agree to reaffirm.
- The debt to be reaffirmed is not now secured by any property but the creditor is offering to give you new credit. (There may be other cheaper ways to obtain new credit.)

## WHEN YOU MAY WANT TO REAFFIRM

Assuming the creditor can prove that it is properly secured in the collateral and has the right to "repo" the property if you don't pay, you MAY want to reaffirm a debt under the following circumstances:

- It is essential that you keep the property (such as a car to get to and from work) and you have no ability to get another one for an cheaper amount.
- You need to keep the property and have been unable to get the creditor to agree to a reduced payoff amount (*redemption amount*)
- You have the ability to bring and keep the payments current because other debts will be discharged.
- The creditor gives you something of value in return for signing the Reaffirmation Agreement, such as a written promise to let you catch up on the past payments in a affordable way, to reduce the interest rate, or to reduce the total amount of the debt to the value of the property or some other reasonable amount.
- You need to reaffirm the debt to protect a "co-debtor" (another person who is also liable to repay the debt).

## Reminder

A Debtor should always remember that the signing of a Reaffirmation Agreement is a voluntary act and the bankruptcy law does not encourage the reaffirmation of dischargeable debts. You have the right to refuse to sign the agreement, although you may have to give up the financed property. Importantly, the Reaffirmation Agreement is not valid and binding on you unless the Bankruptcy Court approves it. You also have the right to try and negotiate different terms for a Reaffirmation Agreement.

Local Legal Aid Office Information: